FRANK P. DOW CO., INC. *v.* UNITED STATES

No. 4743.—Invoice dated Yokohama, Japan, February 8, 1935.
   Entered at Seattle, Wash., February 25, 1935.
   Entry No. 3503.

(Decided February 26, 1940)

*Lawrence & Tuttle (George R. Tuttle* of counsel) for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Joseph E. Weil,* special attorney), for the defendant.

KEEFE, Judge: When this reappraisement was called for trial counsel for the plaintiff admitted he had no information relative to the foreign values of the cotton hit-and-miss rugs and the hooked rugs which were advanced by the appraiser. However, he contended that the appraisal was void because of noncompliance with the law relative to the collector's designation of packages for examination.

Two witnesses were called to testify as to the designation and examination of packages. The cotton hit-and-miss rugs were imported in bales 9457 to 9481 and in bales 9482 to 9515. The hooked rugs were contained in seven bales marked 1 to 7. One bale out of lot 9457/81 was ordered in for examination of the hit-and-miss rugs, and bales 1, 4, and 7 were ordered in for examination of the hooked rugs. The merchandise in bales 1 to 7 was identical except as to size, the rugs in bales 5 to 7 were 9 x 12 feet, while bales 1 to 4 contained rugs measuring 2 x 3 feet. The merchandise in bales 9457 to 9481 was identical except for size with the merchandise contained in bales 9482 to 9515.

The Government offered in evidence a certified copy of a letter signed by the Acting Secretary of the Treasury, addressed to the collector of customs at Seattle, Wash., notifying him that under "this special regulation" he was authorized to examine a less number of packages than 1 package of every 10 packages of cotton-rug importations, but in no case less than 1 package of every invoice. The letter was admitted in evidence over objection of importer's counsel.

In the absence of special regulation the appraisement of the cotton hit-and-miss rugs here in question would be void, as only 1 bale was examined in 50. More than 1 bale in 10 of the cotton hooked rugs was examined by the appraiser and therefore the appraisement thereof is valid under the provisions of section 499, which provides that not less than 1 package of every invoice and not less than 1 package of every 10 packages of merchandise shall be designated for examination, unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue, and by special regulation permit a less number of packages to be examined.

The letter from the Acting Secretary of the Treasury, admitted in evidence as Exhibit 1, purports to be a special regulation. There is nothing in the evidence tending to establish that it is not promulgated for the information of collectors of customs, and that it is not such a valid special regulation as is provided for by statute. In *United States* v. *Tower*, 24 C. C. P. A. 304, T. D. 48754, the court stated in respect to such regulations that there is nothing anomalous resulting from the conclusion that by the language used in section 499 Congress meant to authorize a special regulation applying to one or any number of ports. In holding that such a letter as we now have before us to be evidence of such special regulation the court further stated that there was no record proof showing that there had not been a proper promulgation of the regulation and therefore it must be assumed that it was properly promulgated.

In view of the language of section 499 above quoted, and following the decision of our appellate court in the *Tower* case, *supra*, I find that the collector is authorized by proper special regulation to examine less than 1 package in 10 of hit-and-miss rugs and therefore hold that the appraisal of the rugs was legally made.

As no evidence was produced by the plaintiff to prove that the value of the rugs found by the appraiser failed to represent the foreign value thereof, I find that the dutiable value of the merchandise herein as found by the appraiser is presumptively correct. Judgment will therefore be entered accordingly.